UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
*Electronically Filed*

| | |
|---|---|
| **ARINN CLARK, on behalf of himself and all others similarly situated,** | **CIVIL ACTION** |
| *Plaintiff,* | **CASE NO. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **WEST IRIS TRANSPORT, INC.,** | |
| Serve: **Registered Agents, Inc.** **212 N. 2nd Street, STE 100** **Richmond, KY 40475** | |
| **PATTON LOGISTICS INC.,** | |
| Serve: **Registered Agents, Inc.** **212 N. 2nd Street, STE 100** **Richmond, KY 40475** | |
| **and** | |
| **FEDERAL EXPRESS CORPORATION,** | |
| Serve: **C T CORPORATION SYSTEM** **306 W. Main St., STE 512** **Frankfort, KY 40601** | |
| *Defendants.* | |

## I.    INTRODUCTION

1.    Plaintiff Arinn Clark brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for West Iris Transport, Inc., Patton Logistics Inc., Federal Express Corporation Inc., and Fedex Ground Package System, Inc. (collectively "Defendants") as delivery Drivers ("Drivers") in Kentucky at any time beginning five years before the filing of this complaint until resolution of this action. Throughout the

relevant time period of this action, Plaintiff and similarly situated Drivers have been denied payment for all hours worked, including overtime, and denied timely rest periods and meal periods in compliance with Kentucky law. Defendants enacted a pay policy of compensating Drivers on a day rate basis. This resulted in Drivers being denied overtime pay at a rate of one-and-one-half their regular rates of pay for hours worked beyond 40 in a work week. Most egregiously, Defendants put into practice a policy requiring Drivers to forfeit their final two paychecks if they either quit within sixty days of being hired, or quit without providing two weeks' notice.

2.     Accordingly, Defendants have routinely (1) failed to provide reasonable meal and rest periods pursuant to Kentucky Revised Statute § 337.355 and § 337.365; (2) failed to compensate for all hours worked pursuant to KRS § 337.285 and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"); (3) failed to pay overtime and minimum wages pursuant to KRS § 337.275, KRS § 337.285, and the FLSA; (4) failed to pay for all wages in full upon separation of employment pursuant to KRS § 337.055; (5) failed to provide timely and itemized wage statements pursuant to KRS § 337.070; and (6) improperly withheld wages in violation of KRS § 337.060.   Defendants' illegal practices as described herein have resulted in unjust enrichment.

3.     Plaintiff and members of the proposed class and collective drive delivery trucks, and are current and former non-exempt employees of Defendants in Kentucky. Defendants require Drivers to sign agreements requiring Drivers to forfeit their final two paychecks if they either quit within 60 days of joining Defendants, or quit without providing two weeks' notice. Plaintiff and proposed class and collective members often work in excess of 11 hours per day. Drivers are paid a flat day rate, are not paid an overtime rate of one-and-one-half their regular rates of pay for hours worked in excess of 40 in a work week, and are routinely denied meal and rest periods.

4.     Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all denied meal and rest periods, unpaid wages, including unpaid minimum and

overtime wages, wrongfully withheld wages, disgorgement of ill-gotten gains, and punitive damages. Plaintiff also seeks declaratory and injunctive relief, including restitution. In addition, Plaintiff seeks liquidated damages under the FLSA and Kentucky law. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Kentucky law and the FLSA.

## II.     VENUE AND JURISDICTION

5.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendant resides in this judicial district and is subject to personal jurisdiction here.

## III.     PARTIES

7.     Plaintiff Arinn Clark was employed by Defendants as a non-exempt employee within the statutory period of this case.  Plaintiff Clark worked for Defendants as a delivery Driver in Independence, Kentucky from approximately March of 2018 to May of 2018.

8.     The FLSA Class Members are all people who are or have been employed by Defendants as delivery drivers in the United States within the Collective Class Period (three years prior to the filing of this Complaint until final disposition).

9.     The Kentucky Class Members are all people who are or have been employed by Defendants as delivery drivers in the State of Kentucky within the Kentucky Class Period (five years prior to the filing of this Complaint until final disposition).

10.     Defendant West Iris Transport, Inc. ("West Iris") is a domestic for-profit Kentucky corporation, with its headquarters located in Nashville, Tennessee. Process may be served on its registered agent, Registered Agents Inc., located at 212 North 2nd Street, Suite 100, Richmond, Kentucky 40475.

11.     Defendant Patton Logistics, Inc. ("Patton") is a foreign corporation doing business in Kentucky, with its principal place of business in Nashville, Tennessee. Process may be served

on its registered agent, Registered Agents Inc., located at 212 North 2nd Street, Suite 100, Richmond, Kentucky 40475.

12.     Defendant Federal Express Corporation ("FedEx") is a foreign corporation doing business in Kentucky, with its principal place of business in Memphis, Tennessee. Process may be served on its registered agent, C T Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

13.     Defendant Fedex Ground Package System, Inc. (FedEx Ground) is a foreign corporation doing business in Kentucky, with its principal place of business in Moon Township, Pennsylvania. Process may be served on its registered agent, C T Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

14.     At all material times, Defendants were and are legally responsible for all the unlawful conduct, policies, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the class members.

15.     At all material times, Defendants have been governed by and subject to the FLSA.

16.     At all material times, Defendants have been employers within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

17.     At all material times, Defendants have been an enterprise within the meaning of section 3(r). 29 U.S.C. § 203(r).

18.     At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19.     At all material times, the unlawful conduct against Plaintiff and the class members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendants. At all relevant times, upon information and belief, the unlawful conduct described in this Complaint was reasonably foreseeable be Defendants and committed under actual or apparent

-4-

authority granted by Defendants such that all aforementioned unlawful conduct is legally attributable to Defendants.

20.     At all material times, Defendants have had an annual gross business volume of not less than $500,000.

### IV.   FACTUAL ALLEGATIONS

21.     During the relevant time period of this action, Defendants have employed, and continue to employ, Plaintiff and other similarly situated individuals to provide delivery services ("Drivers" and "proposed Class members").  Drivers travel to and from Defendants' facilities to pick up and drop off their vehicles and trailers and goods for hauling.  For the most part, they transport goods to and from customers' facilities throughout the state.

22.     Defendants West Iris and Patton were contracted by FedEx and FedEx Ground to provide delivery services and drivers to FedEx's and FedEx Ground's customers. Plaintiff and putative Class Members wore FedEx uniforms, drove FedEx Ground trucks, and reported to FedEx terminals. Defendants FedEx and FedEx Ground tracked, managed, and exerted control over Plaintiff and putative Class Members by requiring them to use FedEx-issued handheld scanning devices to scan packages and envelopes while Plaintiff and putative Class Members completed their deliveries. FedEx and FedEx Ground also exerted control over Plaintiff and putative Class Members by directing their routes and deliveries each day worked with a FedEx manifest.

23.     As part of Plaintiff's new hire paperwork, Plaintiff was required to sign an agreement that included the following statement: "Due to the resources used during the training process, I understand that if I resign within 60 days of my original hire date or fail to provide at least a written 2-week notice of my resignation, my final paycheck will be withheld." Defendants implemented this illegal practice by withholding Plaintiff's final paycheck, ostensibly pocketing all of Plaintiff's compensation for the time he worked during his last two pay periods in violation of minimum wage and overtime requirements. Upon information and belief, Defendants required proposed Class members to sign similar agreements and have subjected them to similar treatment.

24.     Defendants pay Drivers on a day rate basis. This means Drivers were paid a set amount each day they worked, regardless of the number of hours worked per day or per week. Under this payment scheme, Drivers were not paid at time-and-a-half for hours worked beyond 40 in a work week. Plaintiff was paid a day rate of $150 per day for each day he worked, except for his last two pay periods where he was paid zero dollars in total. Throughout his entire employment with Defendants, Plaintiff worked more than 40 hours per week every week and yet Plaintiff was not paid any overtime premium for those overtime hours worked.

25.     Plaintiff was employed as a Driver from approximately March of 2018 until May of 2018.  Plaintiff worked out of Defendants' terminal location in Independence, Kentucky.

26.     Plaintiff was classified as a nonexempt employee. Plaintiff delivered locally and did not cross state lines in the exercise of his duties on behalf of Defendants. Upon information and belief, Plaintiff drove vehicles weighing less than 10,000 pounds. Putative class members similarly are nonexempt employees.

27.     Plaintiff worked five days per week, and his work shifts generally lasted 10 to 11 hours per day.  Similar to Plaintiff, proposed Class members are current and former Drivers all of whom are non-exempt, hourly employees in Kentucky and throughout the United States.  Plaintiff is informed, believes, and thereon alleges that Drivers generally work five to six days per week, 10 to 12 hours per day. Defendants did not record or otherwise keep track of the hours worked by Plaintiff. Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendants have at all relevant times been similar for Plaintiff and other Drivers.

28.     Under one such common policy and practice, Defendants routinely failed to pay Plaintiff and proposed Class members for all hours worked.  As discussed earlier, Defendants enacted a policy of withholding the final two paychecks for Drivers who separated from employment within 60 days from being hired, or who did not provide two weeks' advance notice. This payment scheme results in the Drivers not being compensated for all hours worked, for overtime wages, and at times, even minimum wages.  Under Kentucky law, workers must receive at least the minimum wage for *each hour worked* during the payroll period, even if the agreed-

upon compensation exceeds the minimum wage for the total hours worked.  Defendants did not comply with this requirement. Defendants West Iris Transport and Patton Logistics have previously been cited by the Kentucky Labor Cabinet for improperly withholding wages due to their employees as a result of this payment scheme.

29.    Under another common policy and practice, Defendants would deduct "incentive forfeitures" from Drivers' pay for "at fault" incidents including customer complaints, early pickups, late pickups, missed pickups, and accidents. These "deductions" from Drivers' paychecks, which are more accurately described as fines, breakage, or losses due to damaged/stolen property, ranged from $150 to $1,000 per "at fault" incident, and the fines would be withheld through weekly increments until paid off.

30.    In addition, Drivers incur certain expenses which would normally be borne by an employer, such as the cost of maintaining a cell phone for work purposes, a Garmin GPS device, gasoline, and shoes to comply with FedEx's uniform requirements. These expenses were incurred solely for the benefit of Defendants' income and pecuniary interest.

31.    In addition, Defendants routinely denied compliant meal periods to Plaintiff and proposed Class members. Specifically, Drivers are not permitted a reasonable period of uninterrupted time to take a meal break. Rather, they eat while they are performing their work duties for Defendants.  Meal periods are also not provided in a timely fashion.  Under Kentucky law, meal periods must be provided no sooner than three hours after the shift commences and no later than five hours after the shift commences. Defendants did not provide a meal period in this time frame.

32.    Similar to meal periods, Defendants routinely denied rest periods to Plaintiff and proposed Class members.  Plaintiff and the proposed Class members were not informed, either verbally or in writing, that they had the right to take rest breaks.  Moreover, the time pressure to arrive at a delivery by a designated hour is so severe, that there is little to no time for the Drivers to take rest breaks. For example, incentive forfeitures for late pickups and customer complaints intensified the necessity for Drivers to work through breaks so as to avoid being fined.

33.     Defendants are aware that Plaintiff and proposed Class members are regularly denied their meal and rest breaks as a result of Defendants' unlawful policies and practices, but Defendants nevertheless refuse to authorize premium pay for missed or interrupted meal and rest periods. Defendants' decision to deny meal and rest periods was oppressive towards Plaintiff and putative Class Members because, in doing so, Defendants intended to subject Plaintiff and putative Class Members to a cruel and unjust hardship for their own financial benefit. Namely, by refusing to provide meal and rest periods in accordance with Kentucky law, Defendants gained the labor cost benefit of forcing Plaintiff and putative Class Members to work during time periods they would have otherwise been off-duty. Defendants further perpetrated this oppressive practice by threatening fines for customer complaints and missed deadlines. This intentional scheme was cruel and unjust towards Plaintiff and putative Class Members because it forced them to work long hours without being afforded the dignity of an uninterrupted meal break or even a restroom break, and threatened them with fines if they did not comply. Defendants' conduct was flagrantly indifferent to Plaintiff and putative Class Members' health, safety, and minimum level of comfort, and was done so knowingly.

34.     Defendants also failed to provide Plaintiff and proposed Class members with compliant itemized wage statements.  Instead of providing a paper wage statement or free access to a digital version, Defendants told Plaintiff he could access his wage statements by signing up and paying for the privilege of viewing his wage statements through an electronic portal. Upon information and belief, putative Class Members were treated similarly and were not provided written wage statements unless they were willing to pay for access to those wage statements.

35.     Further, any wage statements provided by Defendants would not state the specific amount for which all deductions are made nor the general purpose for those deductions. For example, Defendants withheld Plaintiff's last two paychecks and did not provide a wage statement that stated the specific amount and general purpose of that deduction.

36.     Furthermore, Defendants failed to pay all wages upon separation of employment that were earned by Plaintiff and the class members. As described above, Defendants routinely

withheld Drivers' final two pay checks for resigning within 60 days of being hired and for failing to provide two-week' notice of resignation. In addition to withholding the final two pay checks, Defendants failed to pay Drivers their overtime pay, meal and rest period pay, and unreimbursed business expenses throughout their entire employment.

## V.   CLASS ACTION ALLEGATIONS

37.    Plaintiff brings Causes of Action II through VIII as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure ("FRCP") 23(a) and (b)(3).  The Kentucky Class that Plaintiff seeks to represent is defined as follows:

> **All current and former Drivers employed by Defendants and paid a day rate in Kentucky at any time starting five years prior to the filing of this Complaint until resolution of this action.**

38.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

39.    <u>Numerosity</u>:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  Plaintiff is informed and believes that the number of Drivers exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual members of the Kentucky Class as a plaintiff in this action is impracticable. Furthermore, the identities of the members of the Kentucky Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Kentucky Class and Defendants.

40.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

   i.   Whether Defendants fail to pay Plaintiff and proposed Class members for all hours worked;

   ii.   Whether Defendants paid Plaintiff and proposed Class members on a day rate basis;

   iii.   Whether Defendants failed to keep accurate records of employees' hours of work and wages;

   iv.   Whether Defendants fail to pay Plaintiff and proposed Class members at an overtime rate for hours worked in excess of forty in a workweek;

   v.   Whether Defendants fail to pay Plaintiff and proposed Class members minimum wages as required by law;

   vi.   Whether Defendants fail to authorize and permit proposed Class members to take the meal periods to which they are entitled in violation of Kentucky law;

   vii.   Whether Defendants fail to authorize and permit proposed Class members to take the rest periods to which they are entitled in violation of Kentucky law;

   viii.   Whether Defendants fail to provide proposed Class members with timely, accurate itemized wage statements in violation of Kentucky law;

   ix.   Whether Defendants' policy and practice of failing to pay proposed Class members all wages due upon the end of their employment violates Kentucky law;

   x.   Whether Defendants' pay practices resulted in unjust enrichment;

   xi.   Whether Plaintiff and proposed Class members are entitled to liquidated damages;

   xii.   Whether Plaintiff and proposed Class members are entitled to punitive damages;

   xiii.   The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein; and

   xiv.   Whether Defendants' actions were "willful."

41.   Typicality:  Plaintiff's claims are typical of the claims of the Class.  Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and proposed Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

42.   Adequacy of Representation:  Plaintiff is a member of the Class, does not have any conflicts of interest with other proposed Class members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour classes.  Plaintiff will fairly and adequately represent and protect the interests of the Class members.

43.   Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

44.   In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants;

45.   If each individual Class Member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

46.   Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to

pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

## VI.   COLLECTIVE ACTION ALLEGATIONS

47.   This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage and overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated to Plaintiff with regard to his claims for unpaid wages and damages, in that they have been denied proper compensation, including overtime and minimum wage compensation, at some point during the three years prior to the filing of this Complaint.  The groups of similarly situated individuals that Plaintiff seeks to represent is defined as follows:

> **All current and former Drivers who were employed by Defendants and paid a day rate during the time period three years prior to the filing of the original complaint until resolution of this action (the "Collective").**

48.   Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interest in bringing this action.

49.   Members of the Collective are similarly situated, as they have substantially similar job requirements and provisions and are subject to a set of common practices, policies and/or plans that require or permit them to perform work, in the form of spending time or conducting activities for the benefit of Defendants, which are not compensated pursuant to the FLSA.

50.   For the most part, Drivers do not cross state lines, and there is no reasonable expectation that they will.  Furthermore, Drivers are not participating in more than a *de minimus* amount of interstate activity.  Drivers routinely drive vehicles weighing less than 10,000 pounds.

51.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

52.     Defendants' failure to pay Plaintiff and the Collective their lawful wages was and is willful.  Defendants knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

53.     Despite its knowledge that time spent by Plaintiff and the Collective, as described above, was compensable time under both state and federal law, Defendants have refused to fully compensate workers for any of this time.

54.     These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## VII.   <u>CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>
**Failure to Pay Wages, Overtime Compensation and Minimum Wage under Federal Law
Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*
(Against All Defendants)**

55.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

56.     Defendants violated the FLSA by knowingly failing to maintain records of all hours worked.

57.     Defendants violated the FLSA by knowingly failing to compensate Plaintiff for all hours worked and by knowingly failing to compensate Plaintiff at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

58.     Defendants violated the FLSA by knowingly failing to compensate Plaintiff at a rate of $7.25 per hour for each hour worked during his final two pay periods, pursuant to Defendants' written policy of withholding all pay from the final two pay periods for Drivers who

were not employed longer than 60 days.  Defendants' policy of withholding all compensation for the final two pay periods is in violation of 29 U.S.C. § 206(a)(1).

59.    Defendants' actions were willful.

60.    Defendants are therefore liable to Plaintiff and members of the collective, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages and unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime
### Kentucky Revised Statute § 337.285
### (Against All Defendants)

61.    Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

62.    Defendants have failed to pay Plaintiff, and other members of the Class, overtime compensation for the hours they worked in excess of 40 hours per week.  Plaintiff and other members of the Class are regularly required to work overtime hours.

63.    KRS § 337.285 provides that that all employers shall compensate their employees, with certain exceptions, at a rate of not less than one and one-half times the hourly rate which they are regularly paid for all hours worked in excess of forty in a work week.

64.    Plaintiff and members of the putative Class are not contained in any of the groups of employees excluded from the provisions of KRS § 337.285.

65.    By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class Members for their overtime hours worked, Plaintiff and Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional threshold of this Court and which will be ascertained according to proof at trial.

66.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class Members have been deprived of overtime compensation in an

amount to be determined at trial.  Plaintiff and other members of the Class request recovery of overtime compensation according to proof dating five years from the date of filing of this Complaint pursuant to KRS § 413.120(2), plus an additional equal amount in liquidated damages, reasonable attorney's fees and costs of suit pursuant to KRS § 337.385.

### THIRD CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**Kentucky Revised Statute § 337.275**
**(Against All Defendants)**

67.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

68.     Defendants have failed to pay Plaintiff, and other members of the Class, minimum wages for the hours worked within the last two pay periods of those Drivers' employment pursuant to the written policy of Defendants to withhold Drivers' final two paychecks under certain conditions, namely for failing to give two weeks' notice or for an employment period lasting fewer than 60 days.

69.     KRS § 337.275 provides that every employer shall pay to each of his employees wages at a rate of not less than the federal minimum hourly wage as prescribed by 29 U.S.C. § 206(a)(1).

70.     By virtue of Defendants' unlawful withholding of Plaintiff's compensation from his final two pay periods, Plaintiff has suffered, and will continue to suffer, damages in an amount which is presently unknown to him. Upon information and belief, Defendants have treated other members of the Class similarly and withheld their compensation for the final two pay periods under the same policy.

71.     As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class Members have been deprived of compensation in violation of minimum wage in an amount to be determined at trial.  Plaintiff and other members of the Class request recovery of their back wages according to proof dating five years from the date of filing of this Complaint pursuant to KRS § 413.120(2), plus an additional equal amount in liquidated damages, reasonable

attorney's fees and costs of suit pursuant to KRS § 337.385.

## FOURTH CAUSE OF ACTION
### Untimely Payment of Wages and Unlawful Withholding of Wages
### Kentucky Revised Statute § 337.055; Kentucky Revised Statute § 337.060
### (Against All Defendants)

72.    Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

73.    KRS § 337.055 requires that any employee who leaves or is discharged from employment shall be paid in full all wages or salary earned by him no later than the next normal pay period following the date of leaving, or fourteen days following the date of leaving, whichever occurs last. "No employer shall, by any means, secure exemption from [KRS § 337.055]." *Id.*

74.    KRS § 337.060 prohibits employers from withholding any part of the wages agreed upon and prohibits various specific deductions, including fines, cash shortages, breakage, losses from bounced checks, or losses due to stolen or damaged property not attributable to an employee's willful or intentional disregard of the employer's interest.

75.    Defendants jointly required Plaintiff and Class members, as a matter of company policy, to forfeit their final two paychecks if they resigned within sixty (60) days of their original hire date, or if they fail to provide at least a written two-week notice of resignation.

76.    Defendants further issue "deductions" against Drivers for "at fault" incidents of breakage, accidents, and missed delivery times pursuant to written policy. Defendants assess fines ranging between $150 to $1,000 for these deductions, regardless of any determination of whether the "at fault" incidents were willful or attributable to intentional disregard of Defendants' interest.

77.    Plaintiff did not receive compensation for the time he worked during the last two pay periods of his employment with Defendants within the time period contemplated under KRS § 337.055 after his separation from employment.  Moreover, Defendants failed to pay Plaintiff's compensation in full, including back wages for overtime pay and unreimbursed business expenses, within the time period contemplated under KRS § 337.055 after his separation from employment.

78.     As a result of Defendants' joint violations of KRS § 337.055 and pursuant to KRS § 337.385, Plaintiff and Kentucky Class Members are entitled to recover in full their wages improperly withheld upon separation of employment. Plaintiff and Kentucky Class Members are also entitled to recover liquidated damages for these improperly withheld wages.

79.     As a result of Defendants' violations of KRS § 337.060 and pursuant to KRS § 337.385, Plaintiff and Class members are entitled to recover the amounts withheld, plus liquidated damages.

**FIFTH CAUSE OF ACTION**
**Negligence Per Se for Failure to Provide Meal and Rest Periods**
**Kentucky Revised Statute § 337.355; Kentucky Revised Statute § 337.365**
**Kentucky Revised Statute § 446.070**
**(Against All Defendants)**

80.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

81.     KRS § 337.355 requires employers to provide a reasonable period for lunch, as close to the middle of a shift as possible, for employees. That meal period must be no sooner than three hours after the shift commences and no later than five hours after the shift commences.

82.     In addition to the meal period requirement, KRS § 337.365 requires employers to provide a rest period of at least ten minutes for each four hours worked.

83.     Drivers regularly work 10 to 12 hours in a day, sometimes even more, without being provided an opportunity to take a meal period during which they are relieved of all duties. Drivers are further not provided an opportunity to take at least two rest periods of at least ten minutes. The quantity of deliveries, time needed to drive between deliveries, and delivery windows mandated in the routes Defendants assign to the Drivers routinely deprives the Drivers of an opportunity to stop driving and take an off duty meal period, while still completing their routes in accordance with Defendants' instructions and expectations. Defendants' policy is for the Drivers to meet the delivery windows in a timely fashion and provide high customer service. Given the way the routes are designed and arranged, this routinely does not permit Drivers to take off duty meal periods between the third and fifth hours of work.

84.     Because Drivers must deliver within the scheduled delivery time, Drivers often must: 1) eat while they drive; 2) eat while they work; and/or 3) forego their meal period entirely until after they completed their work.  Defendants took no steps to adjust Plaintiff and Class members' pay accordingly to account for the lack of meal or rest breaks.

85.     Defendants did not keep records of any instances where Defendants may argue Plaintiff and class members purportedly waived their meal or rest breaks.

86.     Defendants enacted a policy of "incentive forfeitures" to reinforce the time constraints faced by Drivers, including imposition of fines for customer complaints, early pickups, and late pickups. In other words, the time constraints faced by Drivers which forced them to skip rest periods and meal breaks were reinforced by punitive and unjust financial penalties.

87.     As a result of Defendants' joint violations of KRS §§ 337.355 and 337.365, Plaintiff and Kentucky Class Members are entitled to recover the difference between wages paid and wages which should have been paid under KRS § 337.055 for the reasonable meal and rest break violations, i.e. an additional 30 minutes of paid time for lunch and an additional 10-20 minutes (depending on total hours worked) at the employee's regular hourly rate of pay for each day worked but not afforded a bona fide meal and rest break. *See England v. Advance Stores Co., Inc.*, 263 F.R.D. 423, 441 (W.D. Ky. 2009) (finding plaintiff employee has a private cause of action to recover damages for meal and rest break violations by operation of KRS § 446.070).

88.     Plaintiff and Class Members are also entitled to recover punitive damages pursuant to KRS § 411.186 through KRS § 446.070 for the meal and rest period claims that violate KRS § 337.355 and 337.365. Defendants were aware and that Plaintiff and putative Class Members were denied the required meal and rest breaks, and refused to provide the statutorily-required breaks. Even worse, skipping meal and rest breaks was encouraged by threat of fines for missed deadlines on delivery pick-ups. This denial of meal and rest breaks amounted to oppressive treatment because it was a cruel and unjust refusal of basic dignity, namely a denial of simple lunch breaks, bathroom breaks, and rest periods.

**SIXTH CAUSE OF ACTION**
**Declaratory Relief Sought for Failure to Furnish Statement of Wage Deductions**
**Kentucky Revised Statute § 337.070**
**(Against All Defendants)**

89.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

90.     KRS § 337.070 requires all employers who employ ten or more employees and pay their employees by check or otherwise, making deductions from the salaries and wages due to said employees, shall state specifically the amount for which the deductions are made, and each such employer at the time of payment of salary or wage to each employee shall furnish the employee a statement giving the amount of each deduction and the general purpose for which the deduction is made.

91.     Defendants knowingly, intentionally, and willfully have failed to furnish Plaintiff and Class Members with timely, accurate, itemized statements in compliance with KRS § 337.070. In order to access their wage statements, Plaintiff and Class members were directed to sign up to an electronic portal for a fee. In other words, Defendants charged Plaintiff and Class members a fee for the privilege of seeing their own wage statements and the deductions.

92.     Defendants further failed to furnish Plaintiff and Class members with a wage statement in compliance with KRS § 337.070 in that, even if Defendants provided the statement of wage deductions, such statement would not identify the overtime compensation and minimum wage being withheld or deducted, would fail to state the purpose for such deductions or withholdings of such overtime pay.

93.     Plaintiff, on behalf of himself and the proposed Class, request declaratory relief stating Defendants have violated KRS § 337.070.

**SEVENTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Against All Defendants)**

94.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

95.     Defendants received good and valuable services from Plaintiff and the putative Class Members in the form of delivery services for the benefit of Defendants' customers. Defendants, however, failed to compensate Plaintiff and the putative Class Members for the fair and equitable value of their labor in accordance with the law.

96.     Plaintiff and the putative Class Members were paid a substandard rate that did not include overtime compensation, and fell below minimum wage when Defendants withheld Plaintiff and putative Class Members' last two paychecks. Defendants also required Plaintiff and putative Class Members to incur business expenses and failed to reimburse those expenses. Defendants also assessed "incentive forfeitures," ranging from $150 up to $1,000 per violation, against Drivers for various enumerated offenses, including customer complaints. Defendants failed to provide accurate wage statements to Plaintiff and putative Class Members in an attempt to conceal the wrongfully-withheld overtime wages and, where applicable, the completely withheld two-paychecks upon separation of employment.

97.     As a result, Defendants have been unjustly enriched at Plaintiff's and the putative Class Members' expense. It would be inequitable for Defendants to be permitted to retain such benefits without paying Plaintiff and the putative Class Members the value of the benefits conferred.

98.     Defendants should be required to disgorge all gains which they obtained at the expense of Plaintiff and the putative Class Members, who are entitled to receive the disgorgement of Defendants' unjust gains as compensatory damages.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class and Collective he seeks to represent in this action, requests the following relief:

1.     For an order certifying this case as a class and collective action, appointing Plaintiff as the representative of the Class and Collective, and appointing Plaintiff's attorneys, Schneider Wallace Cottrell Konecky Wotkyns LLP as Class/Collective Counsel;

2.     For a declaratory judgment that Defendant have violated the Fair Labor Standards

Act as alleged herein;

3.      For a declaratory judgment that Defendants have violated Kentucky law and public policy as alleged herein;

4.      For a declaratory judgment that Defendants' violations of the Fair Labor Standards Act and Kentucky law was done so willfully;

5.      For a declaratory judgment that Defendants' violation of the wage and hour laws resulted in Defendants' unjust enrichment;

6.      For a declaratory judgment that Defendants have violated KRS § 337.070 for a failure to provide accurate itemized wage statements and explanations for deductions;

7.      For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

8.      That these Defendants be ordered to refrain from retaliating against any Class and Collective Members who are current employees, including, but not limited to, reducing scheduled hours, reducing pay, demotion, assigning longer or inconvenient routes, or termination;

9.      For an order awarding Plaintiff and the Class and Collective compensatory and liquidated damages, including lost wages, earnings, and other employee benefits and all other sums of money owed to Plaintiffs and the Class and Collective, together with interest on these amounts, according to proof;

10.     For an order requiring Defendants to disgorge all gains which they obtained for failing to pay Plaintiff and Class Members their rightful wages, and awarding those disgorged gains to Plaintiff and Class Members as compensatory damages;

11.     For an order imposing all punitive damages available by law;

12.     Pre-judgment and post-judgment interest, as provided by law;

13.     For an award of reasonable attorneys' fees as provided by the FLSA and Kentucky law, and/or any other applicable law;

14.     For all costs of suit; and

15.     Any other and further relief the Court deems just and proper.


Dated: September 17, 2018                    Respectfully Submitted,

                                            */s/ Michael P. Abate*
                                            Michael P. Abate

                                            Peter B. Schneider (to be admitted *pro hac vice*)
                                            SCHNEIDER WALLACE COTTRELL
                                            KONECKY WOTKYNS LLP
                                            Texas State Bar No. 00791615
                                            3700 Buffalo Speedway, Suite 300
                                            Houston, Texas 77098
                                            Telephone: (713) 338-2560
                                            Facsimile: (415) 421-7105
                                            pschneider@schneiderwallace.com

                                            *Lead Attorney for Plaintiff*

                                            William M. Hogg (to be admitted *pro hac vice*)
                                            SCHNEIDER WALLACE COTTRELL
                                            KONECKY WOTKYNS LLP
                                            Texas State Bar No. 24087733
                                            3700 Buffalo Speedway, Suite 3000
                                            Houston, Texas 77098
                                            Telephone: (713) 338-2560
                                            Facsimile: (415) 421-7105
                                            whogg@schneiderwallace.com

                                            *Of Counsel for Plaintiff*

                                            Michael P. Abate
                                            KAPLAN JOHNSON ABATE & BIRD LLP
                                            Kentucky State Bar No. 95259
                                            710 West Main Street, Fourth Floor
                                            Louisville, Kentucky 40202
                                            Telephone: (502) 416-1630
                                            Facsimile: (502) 540-8282
                                            mabate@kaplanjohnson.com

                                            *Local Counsel*